IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KIMBERLY HOFFMAN )<br>  )<br> Plaintiff, )<br>  )<br> vs. )<br>  )<br>MIDLAND CREDIT MANAGEMENT, )<br>INC., ENCORE CAPITAL GROUP, )<br>INC., AND MIDLAND )<br>FUNDING, LLC. )<br>  )<br> Defendants. )<br>_____) | **CIVIL ACTION NO.**<br>0:12-cv-00819-JFA<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.  Plaintiff, Kimberly Hoffman ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of York, and City

1

of Sharon.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Midland Credit Management, Inc., ("MCM") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Encore Capital Group, Inc. ("ECG") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5)

8. Defendant, Midland Funding, LLC., ("MF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Midland Credit Management, Inc., Encore Capital Group, Inc. and Midland Funding, LLC. are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than MCM AND ECG.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MCM AND ECG, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

2

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MCM AND ECG.

13. MCM AND ECG uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. MF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. MF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. MF is thoroughly enmeshed in the debt collection business, and MF is a significant participant in MCM AND ECG's debt collection process.

17. In connection with collection of an alleged debt in default, Defendant MCM, itself and on behalf of Defendant MF, sent Plaintiff written communication dated February 24, 2011, in which Defendant MCM attempted to collect an alleged debt from Plaintiff.

18. On March 3, 2011, Plaintiff sent Defendant MCM a written dispute letter, within which Plaintiff stated, in part, as follows:

> "Therefore I dispute the debt. Please provide me with written proof of this alleged debt. . . . I demand that all collection activities cease at this time to include notifying all three credit bureaus of the dispute."

19. Defendant MCM received Plaintiff's March 3, 2011 dispute letter on

March 7, 2011.

20.     In response to Plaintiff's dispute letter, Defendant MCM, itself and on behalf of Defendant MF, sent Plaintiff written communication dated April 6, 2011, within which Defendant MCM stated that it was looking into the account after having received Plaintiff's dispute letter.

21.     Despite receipt of Plaintiff dispute letter and without having provided validation of Plaintiff's alleged debt, MCM retained Federal Bond and Collection Service, Inc. ("FBCS"), who on behalf of Defendant MCM, sent Plaintiff written communication dated October 31, 2011, in further effort to collect the same alleged debt from Plaintiff.

22.     As of October 31, 2011, Defendant MCM had not sent Plaintiff any validation of the alleged debt, as was requested in Plaintiff's written communication of March 3, 2011 – nor had any other entity.

23.     As such, FBCS's October 31, 2011 letter, sent on behalf of Defendant MCM was an attempt to collect a debt, made after receiving a written dispute of the debt without ever validating the debt.

24.     Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692G(B)
## DEFENDANT MCM

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant MCM violated 15 U.S.C. § 1692g(b) by continuing collection activities after having received a written communication from Plaintiff disputing the debt without having first having provided validation of the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692G(B)
## DEFENDANT ECG

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant ECG violated 15 U.S.C. § 1692g(b) by continuing collection activities after having received a written communication from Plaintiff

disputing the debt without having first having provided validation of the debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ECG violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692G(B)
### DEFENDANT MF

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Defendant MF violated 15 U.S.C. § 1692g(b) by continuing collection activities after having received a written communication from Plaintiff disputing the debt without having first having provided validation of the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MF violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31.   Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 21st day of March, 2012.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
***Weisberg & Meyers, LLC***
5025 N. Central Ave. #602
Phoenix, AZ 85012